IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ENHANCED SECURITY :
RESEARCH LLC and SECURITY :
RESEARCH HOLDINGS LLC :
: 
      Plaintiffs, :
:
      v. : C.A. No. 10-605-LPS
:
JUNIPER NETWORKS INC., :
:
      Defendant. :

## MEMORANDUM ORDER

Defendant Juniper Networks, Inc. ("Juniper") has moved to stay this patent infringement lawsuit pending resolution of two reexamination proceedings in the United States Patent and Trademark Office ("PTO"). (D.I. 9) Plaintiffs, Enhanced Security Research LLC and Security Research Holdings LLC (collectively "Plaintiffs"), oppose a stay. (D.I. 11) For the reasons set forth below, the Court GRANTS Defendant's motion to stay.

1. Plaintiffs initiated this action on July 15, 2010. (D.I. 1) They allege in their complaint that Defendant infringes United States Patent No. 6,119,236 ("'236 patent"), entitled "Intelligent Network Security Device and Method," and United States Patent No. 6,304,975 B1 ("'975 patent"), also entitled "Intelligent Network Security Device and Method."

2. On August 20, 2010, Defendant filed its motion to stay. (D.I. 9)

3. Briefing on the motion to stay was competed on September 17, 2010. (D.I. 9; D.I. 11; D.I. 14)

4. Defendant had filed a request for *inter partes* reexamination of the '975 patent with the PTO on July 20, 2009. (D.I. 15 Ex. 6) The request was directed to all thirteen claims of

the '975 patent. (*Id.*) The PTO granted the request and, on September 29, 2010, issued an Action Closing Prosecution rejecting all claims of the '975 patent. (D.I. 16 Ex. B)

5. Fortinet Inc., a defendant in a related lawsuit brought by Plaintiffs in this District asserting the same '236 and '975 patents, filed a request for *ex parte* reexamination of the '236 patent with the PTO on February 2, 2010. (D.I. 11 at 4) That request was directed to all nineteen claims of the '236 patent. (D.I. 15 Ex. 8) The PTO granted the request and, on September 29, 2010, issued a Final Office Action rejecting all claims of the '236 patent. (D.I. 16 Ex. A)

6. Whether or not to stay litigation pending a PTO reexamination is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1998). In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance. *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936). The factors courts typically consider in deciding how to exercise this discretion include: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g., St. Clair Intellectual Property v. Sony Corp.*, 2003 WL 25283239, at *1 (D. Del. Jan. 30, 2003).

7. Juniper argues that a stay should be granted given that a related action has already been stayed by this Court. On June 25, 2010, this Court stayed *Enhanced Sec. Research LLC v. Cisco Sys.*, C.A. No. 09-571-LPS, 2010 WL 2573925 (D. Del. June 25, 2010), a case involving the same patents – and the same reexamination proceedings – at issue in the instant action. (D.I. 9 at 1)

8.   The Court is persuaded that the proper course of action here is to grant Defendant's motion.

   a.   In his June 25, 2010 decision, Judge Joseph J. Farnan, Jr. stayed *Enhanced Sec. Research*, 2010 WL 2573925, at *4, which asserts the same patents as the instant action against ten other defendants.[1] Judge Farnan applied the three factors outlined above and determined a stay was warranted. *Id.* at 3-4. That related action is now assigned to the undersigned judge. As a practical matter, the instant action basically adds another defendant, Juniper, to that dispute.

   b.   Permitting Plaintiffs to pursue their claims against Juniper, while their essentially identical action against the ten other defendants in the related action is stayed, would undermine judicial economy. Such a course of action would deprive the Court of the opportunity to consolidate the related actions for discovery, Markman proceedings, motions practice, and, possibly, trial.

   c.   Plaintiffs offer no persuasive reason for distinguishing this case from the related action, which has already been stayed. They point out that Judge Farnan described the stay motion in the related action as presenting a "close call." However, Judge Farnan did find that the applicable considerations favored a stay; moreover, as explained below, the same factors point even more strongly toward entry of a stay in the instant action. Plaintiffs also emphasize that they have been litigating with Defendant Juniper in various fora since 2007, including a pending action in the Northern District of California in which Juniper is seeking a declaratory judgment that Plaintiffs' patents are invalid. In Plaintiffs' view, it would be unduly prejudicial to them for

---

[1] Judge Farnan retired from the bench on July 31, 2010.

Juniper's action to proceed while Plaintiffs' action against Juniper here is stayed. Obviously, this Court can only control its own docket; it is for the Northern District of California to exercise its discretion to determine whether Juniper's action should be stayed. In any event, Juniper, in its reply brief, indicates that if its requested stay is granted here, "Juniper will consent to a stay of the other pending case involving the validity and infringement of the patent-in-suit." (D.I. 14 at 2; *see also id.* at 8-9)

9. Additionally, as noted above, the balance of interests weighs even more strongly in favor of a stay here than it did at the time Judge Farnan undertook the analysis in the related action. The potential for simplification of the litigation is greater: the reexamination proceedings are now further along, as the PTO has issued a Final Office Action in the '236 patent reexamination rejecting all claims and an Action Closing Prosecution in the '975 reexamination also rejecting all claims. The present litigation is at an earlier stage than the related action was on June 25: Juniper has not answered the complaint, no scheduling conference has been held, and no scheduling order has even been proposed.[2] Although Plaintiffs and Juniper have been engaged in litigation since 2007, the instant action in this District is merely getting underway, and few of this Court's resources have yet been expended on it. Finally, given that Plaintiffs' action against the other ten defendants is already stayed, Plaintiffs will incur no additional prejudice or disadvantage from a stay here.

---

[2] It should be noted, however, that the parties have engaged in some discovery relating to Plaintiffs' patents in connection with actions between these parties pending in other jurisdictions. (*See* D.I. 11 at 11; D.I. 14 at 5, 9-10)

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Stay (D.I. 9) is GRANTED.

Delaware counsel are reminded of their obligation to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel should advise the Court immediately of any problems regarding compliance with this Order.

December 27, 2010

_____
UNITED STATES DISTRICT JUDGE